UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JENNIFER SHIN,                                              :
                                                           :
                           Plaintiff,                       :        23 Civ.
                                                           :
                -v-                                         :
                                                           :        **COMPLAINT AND JURY DEMAND**
NBC UNIVERSAL MEDIA, LLC,                                    :
                                                           :
                           Defendant.                       :
------------------------------------------------------------X

Plaintiff, Jennifer Shin, as and for her complaint, alleges as follows:

## INTRODUCTION

1.      Ms. Shin, a former Director of Product Management at NBC Universal Media,

Inc. ("NBCU" or the "Company") brings this retaliation and Family and Medical Leave Act

interference action against NBCU, and also asserts supplemental New York Executive Law and

New York City Human Rights Law claims for retaliation. Ms. Shin alleges that she was

retaliated against for engaging in protected activity, specifically for complaining to NBCU of

discrimination and stating that she intended to pursue legal action against it. She was terminated

one day after this communication took place. Further, during the period she was employed by

NBCU Ms. Shin's rights under the Family and Medical Leave Act ("FMLA") were violated

when the Company failed to inform her of her right to take FMLA Leave in connection with

serious medical problems that she needed to address. Ms. Shin brings this action to remedy

retaliation in violation of Title VII of the 1964 Civil Rights Act, New York Executive Law § 296

*et seq.*, and the New York City Human Rights Law, and also to obtain redress for the Company's

interference with her FMLA rights, 29 U.S.C. §2619. She seeks lost income damages, damages for emotional distress, punitive damages and/or injunctive relief.

## JURISDICTION

2.      This Court has jurisdiction pursuant to the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000(e) *et seq.,* ("Title VII") and the FMLA, 29 U.S.C. §2601 *et seq.* Jurisdiction as to the causes of action arising under §296 of the New York Executive Law ("Executive Law") and Title 8, §8-107 of the Administrative Code and Charter of the City of New York ("Administrative Code"), is conferred upon this Court by and under the principles of supplemental jurisdiction pursuant to 28 U.S.C. §1367.

## VENUE

3.      The parties to this action reside in and/or regularly do business within the jurisdiction of this Court.  A majority of the events at issue in this action took place within the jurisdiction of this Court.  Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c), and 42 U.S.C. §2000(e)-5(f)(3).

## THE PARTIES

4.      (a) Ms. Shin is a  United States citizen and a resident of New York County, New York.  She was employed by NBCU between February 2018 and November 2019.

(b) NBCU is a corporation with an office in New York City.

## PROCEDURAL BACKGROUND

5.      On September 11, 2020, Ms. Shin filed timely charges of gender discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"), alleging that

NBCU discriminated against her on the basis of her gender.  A copy of the charge is annexed hereto as Exhibit "A".

6.      The EEOC issued a Determination on September14, 2023.

7.      On November 22, 2023, the EEOC issued to Ms. Shin a Notice of Right to sue.  A copy of the Notice of Right to Sue is annexed hereto as Exhibit "B." Ms. Shin has fully complied with the administrative prerequisites of Title VII.

8.      In accordance with Title 8, §8-502 of the Administrative Code of the City of New York, Ms. Shin served a copy of this complaint upon the New York City Commission on Human Rights and the Corporation Counsel of the City of New York prior to filing the complaint.

## FACTS

9.       Ms. Shin began her employment with NBCU in February 2018 as a Director of Product Management.

10.      Her primary responsibility was to develop and lead an application called AdSmart.

11.      AdSmart is a predictive software designed to automatically tailor commercials by subject according to the program being aired.

12.      Ms. Shin quickly made substantial progress with AdSmart, developing a launch plan and obtaining positive early results in test-runs.

13.      Ms. Shin's supervisor, Jeffrey Pinard, showed blatant favoritism toward the male employees in her group and even blamed Ms. Shin for the mistakes of her less capable male colleagues.

14.     One of Ms. Shin's male peers, for example, often failed to deliver data sets for AdSmart that were complete or on time, causing some stakeholders in the business to request that he be removed from work on the product.

15.     Tom Barr, another male colleague, both gained approval to deprioritize Ms. Shin's project in favor of a less important one and rejected her design strategy in favor of his own, causing further major delays. Mr. Pinard blamed Ms. Shin for these failures.

16.     During this period Ms. Shin developed serious medical problems and needed to be absent from work on occasion. To compensate for her absences, she worked on nights, weekends and holidays.

17.     Although Ms. Shin had informed Mr. Pinard about her need to leave for medical appointments, he blamed her for not being present in the office at all times during business hours.

18.     Finally, in November 2018, Ms. Shin made a complaint to Human Resources, stating that she was being treated worse than her male colleagues because of her gender. Rather than conduct a genuine investigation, HR defended Mr. Pinard and tried to intimidate Ms. Shin into dropping her complaint.

19.     Upon the conclusion of its sham investigation, HR told Ms. Shin that she could resign, find another role in NBCU (no assistance was offered to her for such an effort) or continue to work under Mr. Pinard.

20.     Mr. Pinard took retaliatory action against Ms. Shin after learning of her complaint to HR.

21.     He reduced her role on the AdSmart product, removed her access to files and resources, excluded her from meetings, discredited her work, and refused to give her a written performance review.

22.     Because she was suffering from complications relating to severe pneumonia, Ms. Shin requested that she be permitted to take time off to deal with her illness.

23.     Although it is required to do so by law, NBCU failed to advise Ms. Shin of her right to request and take FMLA leave.

24.     Instead, Mr. Pinard left no doubt that he would consider any delays in Ms. Shin's projects caused by medical-related absences to be a performance issue.

25.     Thereafter, Ms. Shin finally received a written performance review. However, the review contained numerous inaccurate complaints about Ms. Shin's performance, many of which concerned duties that she had never before been criticized for. She also was blamed for mishandling responsibilities that had long before been taken away from her.

26.     Ms. Shin was directed to report to a new supervisor, Mae Ibera, who was under Mr. Pinard. Like Mr. Pinard, Ms. Ibera treated Ms. Shin abusively and expressed hostility towards her medical absences.

27.     Although Ms. Shin was granted some sick leave, she was still required to attend meetings remotely from home.

28.     Ms. Shin retained counsel in September 2019 to help her address what she reasonably perceived to be blatant discrimination, but NBCU declined to negotiate with her attorneys and instead criticized her performance.

29.     Finally, on November 14, 2019, Ms. Shin's counsel advised NBCU that Ms. Ibera's challenges to Ms. Shin's medical leave were illegal and that it planned to move forward with legal claims on her behalf.

30.     On the following day, Ms. Shin was told that she was being terminated.

31.     The termination decision clearly was made on November 15.  That morning, Mr. Pinard and Ms. Shin discussed by email meeting with John Alleva and Chris Price on November 20, showing that NBCU had not decided to dismiss Ms. Shin prior to receiving her counsel's communication accusing the company of unlawful discriminatory acts.

32.     To this day, Ms. Shin continues to suffer from mental pain, anguish and emotional distress as a result of NBCU's actions.

## AS AND FOR A FIRST CAUSE OF ACTION
### Retaliation Under Title VII

33.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 32 inclusive as though fully set forth herein.

34.     Defendant willfully retaliated against plaintiff for engaging in protected activity in violation of Title VII.

35.     Defendant knew that its actions constituted unlawful retaliation and/or acted with reckless indifference to plaintiff's statutory protected rights.

## AS AND FOR A SECOND CAUSE OF ACTION
### Retaliation Under The Executive Law

36.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 32 inclusive as though fully set forth herein.

37.   Defendant willfully retaliated against plaintiff for engaging in protected activity in violation of the Executive Law.

## AS AND FOR A THIRD CAUSE OF ACTION
### Retaliation Under The Administrative Code

38.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 32 inclusive as though fully set forth herein.

39.   Defendant willfully retaliated against plaintiff for engaging in protected activity in violation of the Administrative Code.

## AS AND FOR A FOURTH CAUSE OF ACTION
### Failure to Provide Notice Under the Family and Medical Leave Act

40.   Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 32 as though fully set forth herein.

41.   Defendant failed to provide notice to plaintiff of her right to take FMLA leave to address a serious health condition.

42.   Defendant's failure to provide notice inhibited and restricted Plaintiff from successfully obtaining leave.

43.   Defendant's failure to provide notice interfered with Plaintiff's rights and negatively affected the exercise of her benefits in violation of the Family and Medical Leave Act.

## JURY DEMAND

Plaintiff demands a trial by jury on all counts.

**WHEREFORE,** Ms. Shin respectfully prays that this Court:

7

44.     Issue a declaratory judgment that Defendant's acts, policies, practices and procedures complained of violated Plaintiff's rights under Title VII, the FMLA, the Executive Law and the Administrative Code;

45.     Order Defendant to make Plaintiff whole by providing appropriate back pay and reimbursement for lost benefits and expenses, in an amount to be shown at trial;

46.     Grant judgment to Plaintiff and against Defendant for emotional distress and pain and suffering experienced by Plaintiff in an amount to be shown at trial.

47.     Grant Judgment to Plaintiff and against Defendant of punitive and exemplary damages in an amount to be shown at trial;

48.     Grant Plaintiff her attorney's fees, costs, disbursements, and interest;

49.     Retain jurisdiction over this action until Defendant fully has complied with the orders of this Court, and require it to file such reports as the Court deems necessary to evaluate such compliance; and

50.     Grant such further and additional relief as may to this Court seem just and proper.

Dated: New York, NY
       December 15, 2023

JENNIFER SHIN
Plaintiff *Pro Se*
1 River Place, P208
New York, NY  10036
(917) 400-1545

By:

Jennifer Shin

8

 Gmail

Jennifer Shin <jnnfr.shin@gmail.com>

## REMINDER: Important Document Available for EEOC Charge 520-2020-05265 / RECORDATORIO: Documento Importante Está Disponible para la Queja/Querella Número 520-2020-05265

1 message

**EEOC** <no-reply@service.eeoc.gov>                    Fri, Sep 22, 2023 at 11:01 PM
To: "Ms. Jennifer Shin" <jnnfr.shin@gmail.com>

                    **U.S. Equal Employment Opportunity Commission**

EEOC has made a decision regarding charge number 520-2020-05265. It is very important that you download and retain a copy of this document. You may review this decision by logging into the EEOC Public Portal.

This email is an official notification from the Equal Employment Opportunity Commission (EEOC) regarding charge 520-2020-05265. Please do not reply to this email.

*Notice of Confidentiality: This email may contain privileged and confidential information, including information protected by federal and state privacy laws. It is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby notified that any review, dissemination, distribution, or duplication of this communication is strictly prohibited and may be unlawful. If you are not the intended recipient, please contact info@eeoc.gov and destroy all copies of the original message and attachments.*

La EEOC ha tomado una decisión con respecto a la queja/querella número 520-2020-05265. Es muy importante que descargue y retenga una copia de este documento. Puede revisar esta decisión iniciando sesión en el Portal Público de la EEOC .

Este correo electrónico es una notificación oficial de la Comisión para la Igualdad de Oportunidades en el Empleo (EEOC, por sus siglas en inglés) con respecto a la queja/querella 520-2020-05265. Por favor, no responda a este correo electrónico.

*Aviso de confidencialidad: La información contenida en este correo electrónico puede contener información privilegiada y confidencial, incluida información protegida por las leyes de privacidad federales y estatales. Está destinada únicamente al uso de la(s) persona(s) nombrada(s) anteriormente. Si usted no es el(la) destinatario(a) previsto(a), se le notifica que cualquier revisión, difusión, distribución o duplicación de esta comunicación está estrictamente prohibida y puede ser ilegal. Si usted no es el(la) destinatario(a) previsto(a), póngase en contacto con nosotros en info@eeoc.gov y destruya todas las copias del mensaje original y los archivos adjuntos.*

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/14/2023

**To:** Ms. Jennifer Shin
400 W 63RD ST #414
NEW YORK, NY 10069
Charge No: 520-2020-05265

EEOC Representative and email:   RICHARD LECLEAR
Senior Investogator Support Assistant
richard.leclear@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Timothy Riera - RML
09/14/2023

Timothy Riera
Acting District Director